# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
### DIVISION

| In re: | § | |
|---|---|---|
| | § | |
| BURKOWSKI, PATRICIA FAYE | § | Case No. 10-02088 |
| BURKOWSKI, JOHN EDWARD | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
.  The undersigned trustee was appointed on                .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of              $

Funds were disbursed in the following amounts:

Payments made under an interim
disbursement
Administrative expenses
Bank service fees
Other payments to creditors
Non-estate funds paid to 3rd Parties
Exemptions paid to the debtor
Other payments to the debtor

Leaving a balance on hand of[1]              $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

The remaining funds are available for distribution.

    5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

    6.  The deadline for filing non-governmental claims in this case was        and the deadline for filing governmental claims was     . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

    7.  The Trustee's proposed distribution is attached as **Exhibit D**.

    8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $     .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

    The trustee has received $     as interim compensation and now requests a sum of $     , for a total compensation of $     [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $   , and now requests reimbursement for expenses of $    , for total expenses of $    [2].

    Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/Phillip D. Levey _____
                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

ASSET CASES

Page:   1

Exhibit A

| Case No: | 10-02088   PSH   Judge: PAMELA S. HOLLIS | Trustee Name: | Phillip D. Levey |
|---|---|---|---|
| Case Name: | BURKOWSKI, PATRICIA FAYE | Date Filed (f) or Converted (c): | 01/21/10 (f) |
| | BURKOWSKI, JOHN EDWARD | 341(a) Meeting Date: | 02/22/10 |
| For Period Ending: 07/23/14 | | Claims Bar Date: | 11/18/10 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 1845 S. Clarence Ave. Berwyn, IL 60402 | 315,000.00 | 0.00 | | 0.00 | FA |
| 2. Proceeds from Social Secrity Disability Settlement | 45,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 3. Living room furniture, tv, stereo, piano, laptop | 3,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 4. Wedding Bands | 1,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 5. Smith & Wesson 38 | 400.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 6. Canon Camera | 200.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 7. Guitar | 300.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 8. UBS Bank Account | 40,248.33 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 9. 1993 Dodge Caravan | 1,500.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 10. 1999 Buick Century | 2,500.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 11. Used Camera Equipment: 2 lenses, 2 camera bodies | 2,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 12. Patricia Burkowski Joseph Oswald et al. (u) | 0.00 | 325,000.00 | | 325,000.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $411,148.33 | $325,000.00 | | $325,000.00 | $0.00 |

(Total Dollar Amount in Column 6)

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 10-02088    PSH    Judge: PAMELA S. HOLLIS | Trustee Name: | Phillip D. Levey |
| Case Name: | BURKOWSKI, PATRICIA FAYE | Date Filed (f) or Converted (c): | 01/21/10 (f) |
| | BURKOWSKI, JOHN EDWARD | 341(a) Meeting Date: | 02/22/10 |
| | | Claims Bar Date: | 11/18/10 |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 06/30/13          Current Projected Date of Final Report (TFR): 06/30/14

Page:    1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: | 10-02088  -PSH |
| Case Name: | BURKOWSKI, PATRICIA FAYE |
| | BURKOWSKI, JOHN EDWARD |
| Taxpayer ID No: | *******3918 |
| For Period Ending: | 07/23/14 |

| | |
|---|---|
| Trustee Name: | Phillip D. Levey |
| Bank Name: | ASSOCIATED BANK |
| Account Number / CD #: | *******5042  Checking |
| Blanket Bond (per case limit): | $  5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 06/18/14 | 12 | Frank J. Olavarria PC | SETTLEMENT | | 190,761.78 | | 190,761.78 |
| | | FRANK J. OLAVARRIA PC | Memo Amount:          325,000.00 | 1142-000 | | | |
| | | | SETTLEMENT | | | | |
| | | FRANK J. OLAVARRIA PC | Memo Amount:      (      90,333.00 ) | 3210-000 | | | |
| | | | ATTORNEY FEES | | | | |
| | | FRANK J. OLAVARRIA PC | Memo Amount:      (        3,459.42 ) | 3220-000 | | | |
| | | | ATTORNEY EXPENSES | | | | |
| | | PFAFF & GILL, LTD. AND TRISTAN PORT | Memo Amount:      (      15,000.00 ) | 4210-000 | | | |
| | | | ATTORNEY FEES LIEN | | | | |
| | | KP LAW | Memo Amount:      (        3,000.00 ) | 4210-000 | | | |
| | | | Attorneys Fees Lien | | | | |
| | | EXCEL OCCUPATIONAL HEALTH CLINIC | Memo Amount:      (        2,018.00 ) | 4210-000 | | | |
| | | | Medical Care Lien | | | | |
| | | MARIANJOY MEDICAL GROUP | Memo Amount:      (        5,235.00 ) | 4210-000 | | | |
| | | | Medical Care Lien | | | | |
| | | MOSES, DR. ALLEN | Memo Amount:      (        6,065.00 ) | 4210-000 | | | |
| | | | Medical Care Lien | | | | |
| | | CMS/MEDICARE | Memo Amount:      (        1,714.06 ) | 4210-000 | | | |
| | | | CMS/Medicare | | | | |
| | | PFAFF & GILL, LTD. AND TRISTAN PORT | Memo Amount:      (        6,682.74 ) | 4210-000 | | | |
| | | | Attorney Expenses Lien | | | | |
| | | KP LAW | Memo Amount:      (           731.00 ) | 4210-000 | | | |
| | | | Attorney Expense Lien | | | | |

| | | | | Page Subtotals | 190,761.78 | 0.00 | |

Ver: 18.00a

LFORM24

FORM 2                                                                                                      Page:   2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**                                                          Exhibit B

| Case No: | 10-02088 -PSH | Trustee Name: | Phillip D. Levey |
| Case Name: | BURKOWSKI, PATRICIA FAYE | Bank Name: | ASSOCIATED BANK |
| | BURKOWSKI, JOHN EDWARD | Account Number / CD #: | *******5042  Checking |
| Taxpayer ID No: | *******3918 | | |
| For Period Ending: | 07/23/14 | Blanket Bond (per case limit): | $  5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
|  | Memo Allocation Receipts: | 325,000.00 | COLUMN TOTALS | 190,761.78 | 0.00 | 190,761.78 |
|  | Memo Allocation Disbursements: | 134,238.22 | Less:  Bank Transfers/CD's | 0.00 | 0.00 | |
|  | | | Subtotal | 190,761.78 | 0.00 | |
|  | Memo Allocation Net: | 190,761.78 | Less:  Payments to Debtors | | 0.00 | |
|  | | | Net | 190,761.78 | 0.00 | |
|  | | | | NET | ACCOUNT | |
|  | Total Allocation Receipts: | 325,000.00 | TOTAL - ALL ACCOUNTS | NET DEPOSITS | DISBURSEMENTS | BALANCE |
|  | Total Allocation Disbursements: | 134,238.22 | Checking - ********5042 | 190,761.78 | 0.00 | 190,761.78 |
|  | | | | --------------------- | --------------------- | --------------------- |
|  | Total Memo Allocation Net: | 190,761.78 | | 190,761.78 | 0.00 | 190,761.78 |
|  | | | | ============= | ============= | ============= |
|  | | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page 1

**EXHIBIT C**
**ANALYSIS OF CLAIMS REGISTER**

Date: July 23, 2014

Case Number:   10-02088
Debtor Name:   BURKOWSKI, PATRICIA FAYE

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001 3110-00 | Phillip D. Levey | Administrative | | $12,510.00 | $0.00 | $12,510.00 |
| 001 2200-00 | PHILLIP D. LEVEY | Administrative | | $49.79 | $0.00 | $49.79 |
| 001 2100-00 | PHILLIP D. LEVEY | Administrative | | $13,883.23 | $0.00 | $13,883.23 |
| 000006 050 4210-00 | Pfaff & Gill, Ltd. and Tristan Ports, LLC One East Wacker Dr., Ste. 3310 Chicago, IL 60601 | Secured | | $21,682.74 | $21,682.74 | $0.00 |
| 999 8200-00 | PATRICIA FAYE BURKOWSKI 1845 S. CLARENCE BERWYN, IL 60402 | Unsecured | | $112,335.43 | $0.00 | $112,335.43 |
| 000001 070 7100-00 | First American Bank 80 Stratford Drive Bloomingdale, IL 60108 | Unsecured | | $18,378.09 | $0.00 | $18,378.09 |
| 000002 070 7100-00 | Chase Bank USA, N.A. PO Box 15145 Wilmington, DE 19850-5145 | Unsecured | | $15,958.42 | $0.00 | $15,958.42 |
| 000003 070 7100-00 | Midland Funding, LLC c/o Recoser, LLC 25 SE 2nd Ave., Suite 1120 Miami FL 33131-1605 | Unsecured | | $4,566.26 | $0.00 | $4,566.26 |
| 000004 070 7100-00 | Fia Card Services, NA/Bank of America by American Infosource Lp As Its Agent PO Box 248809 Oklahoma City, OK 73124-8809 | Unsecured | | $28,135.91 | $0.00 | $28,135.91 |
| 000005 070 7100-00 | Fia Card Services, NA/Bank of America by American Infosource Lp As Its Agent PO Box 248809 Oklahoma City, OK 73124-8809 | Unsecured | | $2,511.63 | $0.00 | $2,511.63 |
| | Case Totals: | | | $230,011.50 | $21,682.74 | $208,328.76 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-02088
Case Name: BURKOWSKI, PATRICIA FAYE
BURKOWSKI, JOHN EDWARD
Trustee Name: Phillip D. Levey

Balance on hand                                         $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000006 | Pfaff & Gill, Ltd. and Tristan Ports, LLC | $ | $ | $ | $ |

Total to be paid to secured creditors           $_____

Remaining Balance                               $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Phillip D. Levey | $ | $ | $ |
| Trustee Expenses: Phillip D. Levey | $ | $ | $ |
| Attorney for Trustee Fees: Phillip D. Levey | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses   $_____

Remaining Balance                               $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $          must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be          percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|------------------------|--------------------------|------------------|
| 000002 | Chase Bank USA, N.A. | $ | $ | $ |
| 000003 | Midland Funding, LLC | $ | $ | $ |
| 000004 | Fia Card Services, NA/Bank of America | $ | $ | $ |
| 000005 | Fia Card Services, NA/Bank of America | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance          $_____

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of       % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $        . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $              .